IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| NIPPON STEEL CORPORATION, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 22-00183 |
| THE UNITED STATES | ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT**

Nippon Steel Corporation ("NSC") ("Plaintiff"), by its counsel, states the following claim against the Defendant, the United States:

**I.     JURISDICTIONAL STATEMENT**

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because the action is commenced under Section 516A of the Tariff Act of 1930, as amended (the "Act") (19 U.S.C. § 1516a). This action contests the *Final Results* issued by the Department in the fourth administrative review ("AR4") of Certain Hot-Rolled Steel Flat Products from Japan (Case No. A-588-874) for the period October 1, 2019, through September 30, 2020 (the "period of review" or "POR"). *See Certain Hot-Rolled Steel Flat Products From Japan: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019-2020*, 87 Fed. Reg. 31523 (Dep't of Commerce May 24, 2022) ("*Final Results*"). The Department's analysis of issues raised in the *Final Results* is contained in, *inter alia*: "Issues and Decision Memorandum for the Final Results of the Antidumping Duty Administrative Review: Certain

1

Hot-Rolled Steel Flat Products from Japan; 2019-2020," issued on May 18, 2022 ("Final Decision Memo").

## II. STANDING OF PLAINTIFF

2. Plaintiff is a Japanese producer and exporter of the subject merchandise. Therefore, NSC is an interested party as defined in 19 U.S.C. § 1677(9)(A). Plaintiff participated in the administrative review that is the subject of this action, and, accordingly, has standing under 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d) to bring this action.

## III. TIMELINESS OF THIS ACTION

3. Plaintiff commenced this action by filing a summons on June 23, 2022, which was within 30 days after the date of publication of the *Final Results*. Plaintiff is filing this Complaint on July 22, 2022, which is within 30 days after the date of the filing of the summons. Accordingly, this action is timely filed under 19 U.S.C. § 1516a(a)(2)(A).

## IV. STATEMENT OF THE FACTS

4. On December 8, 2020, the Department initiated the fourth administrative review of the antidumping duty ("AD") order on Certain Hot-Rolled Steel Flat Products from Japan, identifying 29 Japanese producers/exporters of subject merchandise for which timely requests for an administrative review of the applicable AD order had been submitted. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 78990, 78992-93 (Dep't of Commerce Dec. 8, 2020). Plaintiff was among the 29 identified Japanese producers/exporters of subject merchandise. As noted above, the POR for AR4 was October 1, 2019, through September 30, 2020.

5. Prior to the initiation of AR4, on March 8, 2018, former-President Trump exercised his authority under Section 232 of the Trade Expansion Act of 1962, as amended ("Section 232"), and mandated the imposition of a global tariff of 25 percent on imports of steel articles from all countries, except Canada and Mexico. *See Adjusting Imports of Steel Into the United States*, Proclamation No. 9705 of March 8, 2018, 83 Fed. Reg. 11625, 11626 (March 15, 2018). These Section 232 duties, which were subsequently modified in various respects, went into effect on March 23, 2018. Because the POR for AR4 is subsequent to March 23, 2018, imports of NSC's hot-rolled steel from Japan were subject to the Section 232 duties throughout the POR.

6. On June 29, 2021, pursuant to Section 777A(c)(2) of the Act, the Department concluded that it would not be practicable to individually examine each of the producers/exporters of the subject merchandise for which it had initiated a review. *See* Memorandum from Jun Jack Zhao to Melissa Skinner, "Respondent Selection for the 2019-2020 Antidumping Duty Administrative Review of Certain Hot-Rolled Steel Flat Products from Japan," dated June 29, 2021, at 4. Based on Customs and Border Protection entry data, the Department selected NSC as the sole mandatory respondent because it accounted for the largest volume, and vast majority, of subject merchandise exported from Japan during the POR. *See id.* at 7-8. The Department indicated that it would treat the affiliated companies NSC, Nippon Steel Nisshin Co., Ltd. ("Nisshin"), and Nippon Steel Trading Corporation ("NSTC") as a single entity for purpose of AR4. *See id.* at 1 n.1 and 6.

7. From July through November 2021, Plaintiff supplied the Department with information in response to the Department's initial and supplemental questionnaires and other requests.

8. On November 19, 2021, the Department published its Preliminary Results. *See Certain Hot-Rolled Steel Flat Products From Japan: Preliminary Results of Antidumping Duty Administrative Review and Preliminary Determination of No Shipments; 2019–2020*, 86 Fed. Reg 64901 (Dep't of Commerce Nov. 19, 2021) ("*Preliminary Results*"). In its *Preliminary Results*, the Department calculated a weighted-average dumping margin of 26.81 percent for products produced and/or exported by NSC, Nisshin, or NSTC ("NSC/Nisshin/NSTC"). *See Preliminary Results* and accompanying "Decision Memorandum for the Preliminary Results of Antidumping Duty Administrative Review and Preliminary Determination of No Shipments: Certain Hot-Rolled Steel Flat Products from Japan; 2019-2020," issued on October 29, 2021 ("Prelim Decision Memo").

9. In determining the preliminary rate for NSC/Nisshin/NSTC, *inter alia*, the Department found that "section 232 duties should be treated as 'United States import duties' for purposes of section 772(c)(2)(A) of the Act - and thereby as 'U.S. Customs duties,' which are deducted from U.S. price." Prelim Decision Memo at 14.

10. On December 20, 2021, Plaintiff submitted its administrative case brief in which Plaintiff argued that the Department, *inter alia*, improperly deducted Section 232 duties from NSC's U.S. prices.

11. On May 24, 2022, the Department published its *Final Results*. The Department calculated a final weighted-average dumping margin of 24.07 percent for NSC/Nisshin/NSTC. *See Final Results*, 87 Fed. Reg. at 31524. In these *Final Results*, the Department continued to deduct Section 232 duties from NSC's U.S. prices. *See* Final Decision Memo at Comment 1.

V. **STATEMENT OF CLAIM**

**Count 1:    The Department's Deduction of the Section 232 Steel Duties from NSC's U.S. Prices Is Not Supported by Substantial Evidence and Is Not Otherwise in Accordance with Law**

12.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 11.

13.    In determining the weighted-average dumping margin for NSC/Nisshin/NSTC in the *Final Results*, the Department improperly deducted Section 232 duties on steel imports from NSC's U.S. prices.  Pursuant to 19 U.S.C. § 1677a(c)(2)(A), the Department must reduce U.S. price in its AD calculations by "the amount, if any, included in such price, attributable to any additional costs, charges, or expenses, and *United States import duties*, which are incident to bringing the subject merchandise from the original place of shipment in the exporting country to the place of delivery in the United States" (emphasis added).  However, the particular Section 232 duties on steel imports at issue here are unlike the ordinary customs duties ("OCDs") that are considered "United States import duties"; rather, they are far more similar to AD duties, countervailing ("CV") duties, and safeguard ("SG") duties under Section 201 of the Trade Act of 1974, as amended ("Section 201")—which the Department has determined are not "United States import duties" for purposes of § 1677a(c)(2)(A).  Specifically, the Section 232 duties on steel imports are more similar to AD, CV, and SG duties than to ordinary customs duties because: (1) the Section 232 duties here serve a special remedial purpose similar to AD, CV, and SG duties; (2) the Section 232 duties here are temporary in nature; and (3) deducting these Section 232 duties from NSC's U.S. prices imposes an impermissible double remedy.  Moreover, considering these Section 232 duties to be OCDs would result in the United States violating its World Trade Organization obligations because the United States would be imposing duties on

steel imports in excess of the United States' bound tariff rates, and therefore is not a plausible interpretation of the statute.

14. For these reasons, the Department's deduction of the Section 232 duties on steel imports from NSC's U.S. prices is not supported by substantial evidence and is not otherwise in accordance with law.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff prays that this Court enter judgment as follows:

(1) Sustaining its complaint herein;

(2) Holding that the Department's determination is not supported by substantial evidence on the record and is otherwise not in accordance with law;

(3) Remanding this administrative review to the Department with instructions to include in NSC's U.S. prices the Section 232 duties on steel imports;

(4) Awarding such other and further relief as this Court may deem appropriate.

Respectfully submitted,

/s/ Richard L.A. Weiner

Richard L.A. Weiner
Rajib Pal
Shawn M. Higgins
Justin R. Becker
Alex L. Young

Sidley Austin LLP
1501 K Street N.W.
Washington, D.C. 20005
(202) 736-8000

Counsel to Nippon Steel Corporation

July 22, 2022